UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| NICHOLAS ALLPHIN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 1:24-CV-275-HAB |
| STATE FARM FIRE AND CASUALTY COMPANY and CONNIE STICKLER, | ) |
| Defendants. | ) |

**OPINION AND ORDER**

This is a typical insurance coverage dispute. Plaintiffs home was damaged by a tree, and Defendant State Farm Fire and Casualty Company ("State Farm"), Plaintiffs' property insurer, offered less than what Plaintiffs believed was necessary for full repairs. But Plaintiffs added a wrinkle, alleging they were induced to buy insurance through State Farm by ten-year-old, fraudulent representations made by Defendant Connie Stickler ("Stickler").

The addition of the allegations against Stickler has outsized importance at this stage because both Stickler and Plaintiffs are citizens and residents of Indiana. That fact would normally defeat diversity jurisdiction, the sole basis for Defendants' removal of this case from the Allen County, Indiana, Superior Court. But Defendants believe that Stickler was added only to defeat jurisdiction, a tactic known as fraudulent joinder. Plaintiffs have moved to remand the case (ECF No. 14), and that motion is now fully briefed. (ECF Nos. 17, 18).

**I.    Factual Background**

State Farm insured Plaintiffs' home against property damage under Policy No. 94-CZ-V102-3 ("Policy"). In June 2022, Plaintiffs' home was damaged by a tree. State Farm adjusted the loss, assigning a replacement cost value ("RCV") of just over $80,000.00. But Plaintiffs allege that

this number was low, accounting for only the replacement of damaged siding, while ignoring structural, interior, and cosmetic damage to the home. Plaintiffs allege that State Farm's adjustment of the loss is a breach of the Policy and State Farm's duty of good faith.

That would normally be enough for this kind of suit, but Plaintiffs pushed forward. They allege that, when they bought the Policy in 2014, they were told by Stickler that "the Policy would ensure RCV coverage to Plaintiffs for the Property in the event of a covered loss." (ECF No. 5 at 3). Plaintiffs allege that Stickler knew this statement was false, as Stickler "knew that State Farm was likely to undervalue and/or deny claims made by Plaintiff in connection with the Policy." (*Id*. at 4). This statement creates Plaintiffs' fraud claim against Stickler.

## II.     Legal Discussion

A defendant may remove any civil action filed in state court over which federal district courts have original jurisdiction. 28 U.S.C. § 1441. But the federal district courts are courts of limited jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). "[The] district courts may not exercise jurisdiction absent a statutory basis," *id*., and the removing party "bears the burden of establishing federal jurisdiction," *Tylka v. Gerber Prods. Co*., 211 F.3d 445, 448 (7th Cir. 2000). Defendants allege that jurisdiction is appropriate pursuant to 28 U.S.C. § 1332 which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $ 75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

As noted above, Defendants admit that complete diversity is lacking but removed the matter under the fraudulent joinder doctrine, which "permits a district court considering removal 'to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction.'" *Schur*

*v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 763 (7th Cir. 2009) (first quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999), then citing *Cobb v. Delta Exports, Inc.*, 186 F.3d 675, 677–78 (5th Cir. 1999)). The fraudulent joinder doctrine imposes a burden far more stringent than that ordinarily imposed on a removing defendant. *See Schur*, 577 F.3d at 764.

"Fraudulent," in this context, is a term of art. *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). A defendant invoking the doctrine must show that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Schur*, 577 F.3d at 764. (emphasis and internal quotation omitted). The Court must look at both the facts alleged and the law governing the complaint to determine whether Plaintiffs have "some chance of success" on their claims under state law. *Thornton v. M7 Aerospace LP*, 796 F.3d 757, 765 (7th Cir. 2015); *Morris v. Nuzzo*, 718 F.3d 660, 666 (7th Cir. 2013) ("Under the fraudulent joinder doctrine . . ., an out-of-state defendant's right of removal premised on diversity cannot be defeated by joinder of a nondiverse defendant against whom the plaintiff's claim has 'no chance of success.'"). A plaintiff's motive in naming a non-diverse defendant is not relevant. *Poulos*, 959 F.2d at 73.

A removing defendant may present uncontested evidence to show that the facts of the case preclude a plaintiff's claim against a nondiverse defendant. For example, where a removing defendant provides an uncontroverted affidavit establishing that a nondiverse defendant had "absolutely nothing to do with" the claims the plaintiff raised, the lack of diversity does not prevent removal. *Faucett v. Ingersoll-Rand Mining & Mach. Co.*, 960 F.2d 653, 655 (7th Cir. 1992). In those cases, the plaintiff's claim against the nondiverse defendant fails because the undisputed evidence shows that the plaintiff could not factually establish an essential element of the claim. *See id*.

Fraudulent joinder may also apply when a plaintiff's claim against the nondiverse litigant has no reasonable legal merit, such as when a plaintiff sues an entity who cannot be held liable under established state law. *See Poulos*, 959 F.2d at 73–74 (applying fraudulent joinder to disregard parent company's citizenship where plaintiff sued parent company for injury allegedly caused by subsidiary). "At the point of decision, the federal court must engage in an act of prediction: is there any reasonable possibility that a state court would rule against the non-diverse defendant?" *Id.*, 959 F.2d at 73. This "act of prediction" is similar to, but more stringent than, a federal court's duty to resolve questions of state law once diversity jurisdiction has been established. *See Comm. Bank of Trenton v. Schnuck Markets, Inc.*, 887 F.3d 803, 811 (7th Cir. 2018) ("Under *Erie*, our role in deciding these questions of state law is to predict how the highest courts of the respective states would answer them.") (citation omitted).

The Court views Defendants' arguments as asserting the second type of fraudulent joinder, as they argue, in essence, that Stickler's statements are not legally fraudulent. There is no dispute that Indiana provides a cause of action against an insurance agent who makes materially false statements to induce an insured to buy insurance. *See Kapoor v. Dybwad*, 49 N.E.3d 108 (Ind. Ct. App. 2015). Nor is there a dispute over the elements of such a claim:

> The elements of actual fraud are: (i) material misrepresentation of past or existing facts by the party to be charged (ii) which was false (iii) which was made with knowledge or reckless ignorance of the falseness (iv) was relied upon by the complaining party and (v) proximately caused the complaining party injury.

*Id.* at 121. The sole issue before the Court, then, is whether, after resolving all issues of law and fact for Plaintiff, there is any reasonable probability that an Indiana court would find Stickler liable under this claim.

Defendants' argument boils down to its assertion that the alleged misrepresentation, that "the Policy would ensure RCV coverage to Plaintiffs for the Property in the event of a covered

4

loss," "is true and accurately describes how insurance works." (ECF No. 17). But whatever superficial appeal this argument has falls away under even the simplest analysis.

Say, for instance, a fraudster offers to sell a home for $200,000.00. The victim pays the money, only to discover there's no home. Could the fraudster avoid a fraud claim under the argument that money in exchange for property "accurately describes" how home sales work? Certainly not. The Court sees no more reason that Stickler should be able to avoid liability by claiming that her representations, which the Court must assume were false at this stage, accurately describe an insurance policy. If they were inaccurate, and knowingly so, with respect to the Policy, the general truth of the misrepresentations is irrelevant.

Simply put, the complaint here states a claim for fraud against Stickler. It may not be a particularly good claim, and probably was included for no reason other than to avoid federal jurisdiction. But the fact that the claim is sufficiently pleaded is enough to defeat Defendants' fraudulent joinder argument and this Court's jurisdiction. This case must be remanded.

### III. Conclusion

For these reasons, Plaintiffs' motion to remand (ECF No. 14) is GRANTED. This case is REMANDED to the Allen County, Indiana, Superior Court.

SO ORDERED on September 9, 2024.

        s/ *Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT